NO. 07-02-0211-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 28, 2002



______________________________




EX PARTE ROBERT RORY HOHN




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 87,717-E; HONORABLE ABE LOPEZ, JUDGE



__________________________________




Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Relator Robert Rory Hohn filed a timely pro se notice of appeal from the trial court's
order of dismissal dated April 24, 2002. However, he has now filed a motion to dismiss the
appeal, which he has personally signed.

 Because the motion to dismiss meets the requirements of Rule of Appellate
Procedure 42.1(a), it must be and hereby is granted. Having dismissed the appeal at
relator's request, no motion for rehearing will be entertained, and our mandate will issue
forthwith.

 Per Curiam

Do not publish.



004). The Supreme Court shunned the idea of leaving
"the Sixth Amendment's protection to the vagaries of the rules of evidence, much less to
amorphous notions of 'reliability.'" 541 U.S. at 60, 124 S.Ct. at 1370,158 L.Ed.2d at 177.

 Moreover, in those situations wherein the statement is found to be nontestimonial,
the following passage from Crawford is quite instructive.

 Where nontestimonial hearsay is at issue, it is wholly consistent with the
Framers' design to afford the States flexibility in their development of hearsay
law - as does Roberts, and as would an approach that exempted such
statements from Confrontation Clause scrutiny altogether.




541 U.S. at 68, 124 S.Ct. at 1374,158 L.Ed.2d at 177 (emphasis added).

Therefore, we are quite correct in stating that "gone is the test of reliability" when the court
is faced with a confrontation clause argument. "Where testimonial evidence is at issue, .
. . the Sixth Amendment demands what the common law required: unavailability and a prior
opportunity for cross examination." Id. However, when the evidence is nontestimonial,
then we are to "afford the States flexibility in their development of hearsay law" and
"exempt[] such statements from Confrontation Clause scrutiny. . . ." Id. (emphasis added). 
So, once it is determined that the comment is nontestimonial, then the confrontation clause
inquiry ends. (1) 

 In the case before us, we found the statement to be nontestimonial. That ended
further analysis of appellant's confrontation clause argument per the directives of Crawford. 
We, therefore, overrule the motion for rehearing. (2) 

 

 Brian Quinn 

 Chief Justice 

 

Publish. 







 


 
1. See e.g., Leavitt v. Arave, 383 F.3d 809, 830 n.22 (9th Cir. 2004) cert. denied, 125 S.Ct. 2540 (2005);
State v. Anderson, No. E2004-00694-CCA-R3CD, 2005 WL 171441, *3 (Tenn. Crim. App. Jan. 27, 2005);
Anderson v. State, 111 P.3d 350 (Alaska App. 2005); U.S. v. Felton, No. 02-2414, 2005 WL 1792458, *9 (1st
Cir. (Mass.) July 29, 2005); Womack v. State, 614 S.E.2d 909, 914 (Ga. App. May 18, 2005); Rivera v. State,
No. 04-03-00830-CR, 2004 WL 3015165, *1 (Tex. App.-San Antonio Dec. 30, 2004, no pet.) (holding that
Crawford did not apply because appellant had failed to make a confrontation complaint); Marsh v. State, 818
N.E.2d 143, 146 (Ind. App. Nov. 24, 2004) (interpreting Crawford to apply only to testimonial statements);
State v. Nix, No. C-030696, 2004 WL 2315035, *17 (Ohio App. 1 Dist. Oct. 15, 2004); Waltmon v. State, No.
08-03-00317-CR, 2004 WL 1801793, *6 (Tex. App.-El Paso Aug. 12, 2004, pet. ref'd); Bunton v. State, 136
S.W.3d 355, 368 (Tex. App.-Austin 2004, pet. ref'd); State v. Smith, No. 2004-KK-3140, 2005 WL 1507773,
*1 (La. June 24, 2005); Woods v. State, 152 S.W.3d 105, 113 (Tex. Crim. App. 2004);Crawford v. State, 139
S.W.3d 462, 463 (Tex. App.-Dallas 2004, pet. ref'd); Rogers v. State, No. 02-04-212-CR, 2005 WL 1593933,
*3 (Tex. App.-Fort Worth July 7, 2005, no pet. h.); Tyler v. State, No. 14-04-0544-CR, 2005 WL 1430463, *2
(Tex. App.-Houston [14th Dist.] 2005, no pet.); Davis v. State, No. 03-04-00014-CR, 2005 WL 1173964, *1
(Tex. App.-Austin 2005, no pet. h.); Spencer v. State, 162 S.W.3d 877, 878 (Tex. App.-Houston [14th Dist.]
2005, no pet. h.); Eslora v. State, No. 04-04-0012-CR, 2005 WL 763233, *4 (Tex. App.-San Antonio 2005,
pet. filed); Moreno Denoso v. State, 156 S.W.3d 166, 181(Tex. App.-Corpus Christi 2005, pet. filed); Davis
v. State, No. 02-03-305-CR, 2005 WL 183141, *2 (Tex. App.-Fort Worth 2005, pet. filed); Wilson v. State, 151
S.W.3d 694, 697 (Tex. App.-Fort Worth 2004, pet. ref'd).
2. We advise those filing motions for rehearing that the line between being informative and being
insolent may be close but should not be crossed. Motions for rehearing are read, and those which cross the
line will not be met with favor.